IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | CASE NO. 12-36187-H1-11 |
| ATP OIL & GAS CORPORATION, | § § | (CHAPTER 11) |
| DEBTOR. | § § § | |
| BENNU OIL & GAS, LLC, | § § § | |
| Plaintiff | § § | |
| v. | § § | ADVERSARY NO. 14-_____ |
| GE OIL & GAS LOGGING SERVICES, INC., | § § § | |
| Defendant | § § | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Bennu Oil and Gas, LLC, ("Plaintiff" or "Bennu"), the purchaser of certain assets of ATP Oil & Gas Corporation ("ATP" or "Debtor") out of the above referenced Chapter 11 proceeding (the "Bankruptcy Case"), files this Complaint for Declaratory Judgment ("Complaint") against GE Oil & Gas Logging Services, Inc. ("GE Logging"). In support thereof, Bennu respectfully states as follows:

### I. SUMMARY OF COMPLAINT

1. Plaintiff seeks a declaratory judgment determining that it acquired the Telemark Property (as defined below) free and clear of the statutory liens asserted by GE Logging against the Telemark Property ("GE Logging's Telemark Liens") because GE Logging's Telemark Liens do not constitute "Senior Liens" as defined in this Court's Final Order (A) Approving the Sale of Certain of the Debtor's Assets Free and Clear of Claims and Liens and (B) Approving the

Assumption and Assignment of Contracts and Leases [Main Case Docket No. 2706] (the "Final Sale Order").

2. GE Logging has asserted a relation back date with respect to its statutory liens on the Telemark Property that is after June 21, 2010 (the "Senior Lien Cutoff Date").

3. Any lien with a relation back date after the Senior Lien Cutoff Date cannot constitute a Senior Lien, as defined in the Final Sale Order, because any such lien ranks junior in priority to the liens securing the debtor-in-possession financing provided to the Debtor and approved by this Court in its Final Order Pursuant to 11 U.S.C. §§ 105, 107, 361, 363, 364 and 507 (1) Approving Postpetition Financing, (2) Authorizing Use of Cash Collateral, (3) Granting Liens and Providing Superpriority Administrative Expense Status, (4) Granting Adequate Protection, (5) Modifying Automatic Stay and (6) Authorizing Debtor to File the Fee Letter Under Seal [Main Case Docket No. 440] (the "Final DIP Order").

4. Pursuant to the Final Sale Order, the Telemark Property was sold to Bennu free and clear of any statutory liens that do not constitute Senior Liens, which includes GE Logging's Telemark Liens.

**II.     JURISDICTION, CONSENT TO ENTRY OF JUDGMENT AND VENUE**

5. This Court has jurisdiction over the subject matter of this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and General Order 2012-6 of the United States District Court for the Southern District of Texas. The matters set forth herein are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(A), (K), (N) and (O).

6. The statutory predicates for the relief requested herein are 28 U.S.C. § 2201, §§ 105 and 506 of title 11 of the U.S. Code (the "Bankruptcy Code"), and Rule 7001(2) and (9) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

7. Pursuant to Local Bankruptcy Rule 7008-1, Plaintiff consents to the entry of final orders or a judgment by the bankruptcy judge in this adversary proceeding.

8. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

9. This adversary proceeding is also a proceeding for the determination that certain asserted liens do not constitute Senior Liens, as that term is defined in the Final Sale Order. Paragraph 5 of the Final Sale Order reads, in pertinent part, as follows:

> This Court shall have exclusive jurisdiction over any dispute as to the amount and priority of any Senior Lien and the Senior Lien Escrow until the Senior Lien Escrow is exhausted; and any such dispute shall be resolved by adversary proceeding unless Purchaser [Bennu] and the holder of such Senior Lien agree otherwise.

Final Sale Order ¶ 5.

### III.   PARTIES

10. Bennu is a Delaware limited liability company with a principal address at 4600 Post Oak Place, Suite 100, Houston, Texas.

11. Defendant GE Logging is a Texas corporation whose principal address is 19416 Park Row, Suite 100, Houston, Texas 77084.  GE Logging has made a general appearance in the Bankruptcy Case and may be served through its attorney(s) of record Doré Mahoney Law Group, P.C., Attn. Carl Doré, Jr., 17171 Park Row, Suite 160, Houston, Texas 77084.

### IV.   FACTUAL ALLEGATIONS

12. On August 17, 2012 (the "Petition Date"), ATP filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  At the time of the filing, the Debtor had an interest in certain oil and gas hydrocarbon properties located off the coast of Louisiana in the Gulf of Mexico at the following locations: (i) Atwater Valley, Block 63 (OCS Lease No. 13198); (ii)

Mississippi Canyon, Block 941 (OCS Lease No. 16661); and, (iii) Mississippi Canyon, Block 942 (OCS Lease No. 24130) (collectively, the "Telemark Property").

13. As set forth in the Final DIP Order, on or about June 18, 2010, the Debtor entered into a Credit Agreement, which was amended and restated on or about March 9, 2012 (the "Prepetition Credit Agreement"), pursuant to which certain lenders (the "Prepetition Lenders") extended pre-petition loans and financial accommodations to the Debtor. *See* Final DIP Financing Order, ¶ F(i). In connection with the Prepetition Credit Agreement, the Debtor granted liens and security interests to the Prepetition Lenders (the "Prepetition Liens") in certain property of the Debtor (the "Prepetition Collateral"), including the Debtor's interest in the leases related to the Telemark Property. *See id.* at ¶ F(vi)(v).

14. The Prepetition Liens (including the liens on the Telemark Property) attached and were perfected no later than the Senior Lien Cutoff Date.[1] The Prepetition Liens were valid, binding, enforceable, non-avoidable and perfected as of the Petition Date. *See id*. at ¶ F(x).

15. Pursuant to the Final DIP Order, the Debtor was authorized to obtain debtor-in-possession financing liens granted pursuant to the Final DIP Order (the "DIP Liens") on substantially all of the assets of the Debtor, including but not limited to, the Telemark Property (the "DIP Collateral"). *See id.* at ¶ 6.

16. Pursuant to the Final DIP Order, with respect to any "DIP Collateral constituting Prepetition Collateral" (which would include the Telemark Property) the DIP Liens are senior in priority and superior to all liens other than "Senior Prior Liens" as defined in the Final DIP

---

[1] The Senior Lien Cutoff Date is the date that the mortgage securing the Prepetition Liens was recorded and is therefore the latest date that the Prepetition Liens could have been perfected. Bennu understands that the actual date the Prepetition Liens were perfected may be earlier than the Senior Lien Cutoff Date. For purposes of this lawsuit, however, the difference between the Senior Lien Cutoff Date and the earlier date is not relevant.

Order. *See id.* at ¶ 7. "Senior Prior Liens" are defined in the Final DIP Order to include only those liens that are senior in priority to the Prepetition Liens. *See id.* at ¶ F(x).

17. On October 17, 2013, the Bankruptcy Court entered the Final Sale Order approving the sale of certain of the Debtor's assets, including the Telemark Property (collectively the "Purchased Assets"), to Bennu. *See* Final Sale Order, ¶ N.

18. Pursuant to the Final Sale Order, Bennu acquired the Purchased Assets free and clear of all statutory liens other than "Senior Liens," as defined in the Final Sale Order. *See id.* at ¶ 10.

19. The Final Sale Order defines "Senior Liens" as the legitimate liens on the Purchased Assets that rank senior in priority to the DIP Liens. *See id.* at ¶ N.

20. Therefore, for purposes relevant to this Complaint, the Final DIP Order and the Final Sale Order interact as follows: (a) the Prepetition Liens on the Telemark Property were perfected no later than the Senior Lien Cutoff Date and therefore rank senior to all statutory liens asserted with respect to the Telemark Property that relate back to any date after the Senior Lien Cutoff Date (the "Junior Telemark Liens"); (b) pursuant to the Final DIP Order, the DIP Liens enjoy the same priority as the Prepetition Liens with respect to statutory liens on the Telemark Property and, therefore, the DIP Liens rank senior in priority to the Junior Telemark Liens; (c) pursuant to the Final Sale Order, the Telemark Property was sold to Bennu free and clear of any statutory liens that rank junior in priority to the DIP Liens, which would include all Junior Telemark Liens.

21. Pursuant to this Court's Order Approving the Lien Identification Process and Other Related Relief [Main Case Docket No. 1213] (the "Lien ID Order"), parties claiming liens on the Telemark Property were required to file Statements of Lien ("SOLs"), setting forth, *inter*

*alia*, the earliest dates to which their respective liens relate, to the extent such information was not provided in other filings with the Court, for purposes of determining relative priority among lien claimants. *See* Lien ID Order, ¶¶ 3-5. The Lien ID Order fixed February 15, 2013 as the deadline to timely file SOLs and the information mandated therein (the "Lien ID Bar Date"). *See id.*

22. Based upon a review of the SOLs submitted to the Debtor's claims agent, Kurtzman Carson Consultants, LLC, GE Logging is party who, by its own admission in its SOLs and supporting material, claims liens on the Telemark Property that relate back to dates after the Senior Lien Cutoff Date, and therefore constitute Junior Telemark Liens.

23. GE Logging filed SOL No. 224, in which GE Logging asserts lien claims in the amount of $41,207.09 against all or a portion of the Telemark Property. *See* Exhibit 1 at ¶ 7. In SOL No. 224, GE Logging asserts that the initial date that work was commenced or materials were provided to which its lien relates back is March 17, 2012. GE Logging also filed SOL No. 254, in which GE Logging asserts lien claims in the amount of $36,079.03 against all or a portion of the Telemark Property. *See* Exhibit 2 at ¶ 7. In SOL No. 254, GE Logging asserts that the initial date that work was commenced or materials were provided to which its lien relates back is March 17, 2012.

24. Bennu therefore seeks a determination from this Court declaring that the Telemark Property was sold free and clear of the liens asserted by GE Logging on the Telemark Property, which liens do not constitute Senior Liens pursuant to the Final Sale Order.

### COUNT I – DECLARATORY JUDGMENT AS TO ALL DEFENDANTS

25. The preceding paragraphs are hereby incorporated as if fully set forth herein.

26. 28 U.S.C. § 2201 provides, in pertinent part, that:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon a filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201.

27. Pursuant to 28 U.S.C. § 2201 and 11 U.S.C. § 105(a), this Court has the power to declare and adjudicate the rights and obligations of the parties hereto and to grant such other and further relief as may be necessary to enforce the rights and obligations of parties pursuant to the Final Sale Order.

28. A substantial and actual controversy exists between the Plaintiff and GE Logging. Uncertainty and insecurity currently exists with respect to the rights, status, and other legal relations between Bennu and the parties asserting liens on and against the Telemark Property. Entry of a declaratory judgment establishing that the Telemark Property was sold free and clear of GE Logging's Telemark Liens will serve a useful purpose insofar as Bennu, GE Logging, and, potentially, third parties will be afforded certainty regarding their respective rights in the Telemark Property.

29. Bennu seeks an order from this Court:

    (a) declaring that liens asserted by GE Logging on the Telemark Property do not constitute "Senior Liens" as that term is defined in the Final Sale Order; and

    (b) declaring that Bennu acquired the Telemark Property free and clear of the liens asserted by GE Logging on the Telemark Property.

30. Bennu also seeks a permanent injunction from this Court:

(a) permanently enjoining GE Logging from seeking to enforce the liens it has asserted against the Telemark Property;

(b) affirmatively requiring GE Logging to file lien releases in any Louisiana parish where it has previously filed a lien against the Telemark Property; and

(c) affirmatively requiring GE Logging to terminate any lis pendens filed with respect to liens it has asserted against the Telemark Property.

## PRAYER

Wherefore, Bennu respectfully requests that this matter be set for trial, and that, after final hearing, judgment be entered against GE Logging and in favor of Bennu for the following relief:

(1) declaratory relief as requested herein;

(2) permanent injunctive relief as requested herein;

(3) reasonable and necessary costs and fees incurred with respect to this action;

(4) such other relief to which Bennu may be justly entitled.

**DATED: March 10, 2014**

Respectfully submitted,

**WINSTEAD PC**

By: */s/ Phillip L. Lamberson*
    Phillip L. Lamberson – SBT No. 00794134
    R. Michael Farquhar – SBT No. 06828500
    (admitted *pro hac vice*)
    S.D. Tex. No. 1066009
    Sean B. Davis[2] – SBT No. 24069583
    S.D. Tex. No. 1048341
    500 Winstead Building
    2728 N. Harwood Street
    Dallas, Texas  75201
    Telephone: (214) 745-5400
    Facsimile: (214) 745-5390

**ATTORNEYS FOR BENNU OIL & GAS, LLC**

---

[2] Resident in Winstead's Houston office.